UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT VELLA,

                Plaintiff,           Civil Action No. 13-10061
                                                Honorable John Corbett O'Meara
        v.                                Magistrate Judge David R. Grand

ADELL BROADCASTING
CORPORATION,

                Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER ON EMERGENCY MOTION [46] AND VACATING PRIOR ORDER [45]

On December 12, 2013, Plaintiff Robert Vella filed an "Emergency Motion for Preservation of Evidence," and then filed an amended version of the same motion the following day. [40, 42]. In short, Plaintiff's motion requested the opportunity to take Plaintiff's *de bene esse* deposition to use at trial, implying that his death was imminent. [E.g., 42 at ¶¶ 10 ("On December 11, 2013, Plaintiff was informed by his physicians that he should make arrangements to visit loved ones and make arrangements for his death."); 12 ("Plaintiff's family left Detroit on December 12, 2013 to travel to his hospital bedside to be with him, anticipating his death."); 17 ("Plaintiff's counsel informed Defense counsel of the need for the de bene esse deposition and asked for concurrence to immediately secure an order and take the deposition without delay."); 23 ("Plaintiff's medical records will never be complete and completely produced: the man is dying in a hospital. The last record will be his death record—and by then it will be too late to complete the deposition."); 24 ("The prejudice of his dying before testifying completely in his own cause is palpable, imminent and irredeemable.")]. Somewhat paradoxically however, rather

than asking to take the deposition within a matter of a few days, Plaintiff requested that the Court "**immediately**" enter an order allowing the deposition to take place "on a date before December 25," which was almost two weeks after Plaintiff filed his motion. [42 at 5] (emphasis original). The Court notes that, while Plaintiff's counsel supplied an affidavit regarding Plaintiff's alleged dire medical condition ("failure of all bodily functions") [42-1 at ¶ 2(m)], the affidavit was not supported by any actual evidence of Plaintiff's condition, not even a doctor's note. [42-1].

Notwithstanding the absence of evidence, and notwithstanding the incongruity of filing an "emergency" motion requesting an "immediate" order to allow the *de bene esse* deposition of a man who allegedly was on his deathbed to take place almost two weeks into the future, the Court, trying to be sensitive to Plaintiff's alleged condition, upon being referred the motion on Friday, December 13, 2013, immediately advised the parties that it would convene a conference call with counsel later that day to discuss the matter.  In the interim, the Defendant filed a response to Plaintiff's motion, objecting to the *de bene esse* deposition prior to its completion of Plaintiff's discovery deposition. [43].  Defendant explained that it had noticed the completion of Plaintiff's deposition for January 2, 2014, about a week after the outer limit requested by Plaintiff for the *de bene esse* deposition. [*Id.* at 2].  However, Defendant did not wish to proceed with that deposition if it had not received certain documents it had requested from Plaintiff; it is awaiting medical records and bank records, with the latter records being the subject of a pending motion to compel, which will be heard in the parties' parallel state court case on January 6, 2014. [*Id.* at 2-4].

The Court began the December 13, 2013 conference call with counsel by inquiring why, if Plaintiff had requested to give his *de bene esse* deposition by December 25th, he could not do it on January 2nd, after his already-scheduled fact deposition was to take place.  Plaintiff's counsel

responded to the effect that, Defendant was threatening not to go forward on the 2nd due to the document dispute, so that even that date might not work. Notably, she did not object that the January 2nd date would be unworkable due to concerns about Plaintiff's health. Accordingly, the Court suggested attempting to resolve the document dispute so that Defendant could complete Plaintiff's fact deposition on January 2nd, with Plaintiff then giving his *de bene esse* deposition either later that day or on January 3rd. A discussion of those issues ensued, with the Court explaining it would not rule on matters not before it, but rather facilitate a discussion with counsel in an attempt to reach a workable resolution to the emergency motion. After the Court entered its Order **[45]** on the matter, Plaintiff filed the instant motion for reconsideration, claiming the Order had erred in certain respects. **[46]**. The motion was referred to this Court for determination **[47]**, and Defendant filed a response **[53]**. The Court held oral argument on December 20, 2013. For the reasons stated on the record, **IT IS ORDERED** that:

- Plaintiff's Motion for Reconsideration **[46]** is **GRANTED**, and the Court's prior Order **[45]** is **VACATED**;

- Plaintiff shall make a good faith effort to obtain, and/or facilitate the production by the third party hospitals of, the medical records Defendant has requested so that Defendant receives them as soon as possible;

- By December 23, 2013, Plaintiff shall produce to the Defendant unredacted copies of his bank statements for the 2012 calendar year;

- Defendant may, without prejudice,[1] depose Plaintiff on January 2, 2014;

---

[1] The Court highlights here its conundrum, and frankly, hesitancy in granting the request for the *de bene esse* deposition. For the reasons discussed above, and as Plaintiff's counsel admitted on the record, Plaintiff cannot show a true urgent "need" to give his *de bene esse* deposition by any particular point in the immediate, or possibly even near, future. Indeed, it may be that there is sufficient time for Defendant to obtain the documents it has requested and then take Plaintiff's discovery deposition and *de bene esse* deposition months down the road. At the same time, the Court is sensitive to the fact that Plaintiff is **alleging** a dire medical condition, and that if he were to pass without giving his deposition, his claims may be prejudiced. So too, however, is the Court sensitive to the fact that Defendant may be prejudiced if it has to take Plaintiff's discovery deposition and/or *de bene esse* deposition without the benefit of relevant documents it has

- Plaintiff may give his *de bene esse* deposition[2] on January 3, 2014;

- Plaintiff's depositions shall take place at a law office, court reporter office, or the like unless he establishes, through appropriate evidence, that he must receive in-patient medical care on the days in question.

**SO ORDERED**.

Dated: December 20, 2013         s/David R. Grand
Ann Arbor, Michigan         DAVID R. GRAND
       United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 20, 2013.

       s/William Barkholz for Felicia M. Moses
       FELICIA M. MOSES
       Case Manager

---

requested, at least some of which Plaintiff allegedly denied the existence of (or at least denied the existence of the medical conditions reflected in those records). [53 at 4, 7]. A practical solution which neither advantages nor disadvantages either party is to allow the Plaintiff's depositions to go forward on the schedule he has requested, but with the understanding that:

1. If Defendant is prejudiced in its ability to examine Plaintiff because the depositions are conducted prior to Defendant's receipt of relevant medical records, and if Plaintiff is capable of being re-deposed, Defendant may take his deposition and/or *de bene esse* deposition again; and

2. Alternatively, if Defendant is so prejudiced, and if Plaintiff is incapable of being re-deposed, Defendant may move to prevent Plaintiff from offering at trial any portion of his deposition/*de bene esse* deposition testimony which suffers from such prejudice.

[2] This Order does not address the extent to which Plaintiff may, if at all, use this *de bene esse* deposition testimony at trial. *See supra*, fn. 1.