UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT VELLA,

                Plaintiff,         Civil Action No. 13-10061
                                                 Honorable John Corbett O'Meara
        v.                                  Magistrate Judge David R. Grand

ADELL BROADCASTING
CORPORATION,

                Defendant.
_____/

**ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S
"EMERGENCY MOTION TO REOPEN DISCOVERY AS TO
DAMAGES: POST-DISCOVERY MEDICAL DEVELOPMENT" [49]**

      On December 19, 2013, Plaintiff Robert Vella filed an "Emergency Motion to Reopen Discovery as to Damages: Post-Discovery Medical Development." [49]. The motion has been referred to this Court for determination pursuant to 28 U.S.C. §636(b)(1)(A). [50]. Although no response has yet been filed, this Court is intimately familiar with the underlying issues, having held telephonic and in-person hearings on related matters, and having issued orders regarding the same [*e.g.*, Doc. #54], and finds that it may forthwith decide the issue.

      Plaintiff, presently in Florida, alleges that his health has significantly deteriorated recently to the point of his potential imminent death, which led to his December 12, 2013 filing of an emergency motion to allow his *de bene esse* deposition. [40]. Defendant opposed that motion because Plaintiff allegedly had not produced certain documents necessary for an effective cross-examination. [43]. While the Court found Plaintiff's motion somewhat lacking in evidentiary support, it was sensitive to the fact that those shortcomings may have been due to the very situation which triggered the motion in the first place. The Court was also sensitive to the

fact that any prejudice Defendant would suffer by deposing Plaintiff on less than a full record could be addressed later (by up to and including disallowing the use of the *de bene esse* deposition), but that the prejudice to Plaintiff would be irreversible if he were to pass without the opportunity to have given his *de bene esse* deposition. Accordingly, the Court entered an order allowing Plaintiff's *de bene esse* deposition, subject to certain rights of the parties' being reserved. [54]. Thus, the parties and their counsel will be in Florida on January 2nd and 3rd of 2014 to take Plaintiff's deposition.

On December 19, 2013, Plaintiff filed the instant "emergency" motion in which he seeks permission to depose one of Plaintiff's Florida treating physicians. [49]. Plaintiff states that the "'emergency' aspect of this motion arises from the fact that the Magistrate Judge as [sic] allowed a de bene esse deposition in Florida the first week of January. The parties can save time, money and resources by conducting additional discovery while there." [*Id.* at 3].

Plaintiff's instant request is clearly one of convenience, not "emergency." While the Court was willing to allow Plaintiff's *de bene esse* deposition to take place to avoid any potential permanent prejudice to one of the parties, no such prejudice would exist here by denying the instant motion. In fact, denying the motion without prejudice will allow counsel to take the Plaintiff's deposition on January 2nd and 3rd and then discuss, in a more informed and orderly manner, which (if any) additional depositions are still needed. To the extent they cannot agree as to those matters, they may then submit their respective positions through ordinary discovery motion practice. The Court also notes that given the intervening holidays and need to prepare for Plaintiff's January 2nd and 3rd depositions, it would be asking a lot of Defendant and its counsel to prepare for the doctor's deposition as well. The Court will not impose such a sacrifice where

no "emergency" exists.[1]

For all of these reasons, Plaintiff's emergency motion **[49]** is **DENIED WITHOUT PREJUDICE**. Counsel shall cooperate in good faith in an attempt to resolve any future discovery disputes, and shall only file a contested motion on such matters if they are unable to reach such a resolution.

**SO ORDERED**.

Dated: December 24, 2013            s/David R. Grand
Ann Arbor, Michigan                  DAVID R. GRAND
                                     United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 24, 2013.

                                    s/Lisa C. Bartlett for
                                    FELICIA M. MOSES
                                    Case Manager

---

[1] Nevertheless, should counsel agree to take the Florida doctor's deposition as part of their upcoming work in Florida, they may do so.