UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Robert Vella,

       Plaintiff,

v.

Case No. 13-cv-10061
Hon. Judith E. Levy
Mag. David R. Grand

Adell Broadcasting Corporation,

       Defendant.

_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO LIFT STAY, SET STATUS CONFERENCE AND SUBSTITUTE PARTY [86], AND GRANTING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION AND/OR IDENTIFICATION OF <u>SUBSTITUTE PARTY [95]</u>**

**I.    Background**

This case was filed on January 8, 2013, alleging violations of the Employee Retirement Income Security Act and Michigan's Persons with Disability Civil Rights Act. (Dkt. 1).  The case was originally assigned to United States District Judge John Corbett O'Meara.  On February 27, 2013, Judge O'Meara declined to exercise supplemental jurisdiction over plaintiff's state law claim for a violation of the Michigan's Persons with Disabilities Civil Rights Act and entered an order of partial

dismissal as to Count II. (Dkt. 5). The complaint was amended on July 11, 2013, to include an alleged violation of the Americans with Disabilities Act. (Dkt. 19).

The case then entered a period of discovery that can only be described as difficult and fractious. An emergency motion for preservation of evidence was filed by plaintiff (Dkt. 40) along with an emergency motion to reopen discovery as to damages (Dkt. 49). Then, defendant filed an emergency motion for a protective order to prevent the trial deposition of plaintiff from being taken from his hospital bed (Dkt. 57); soon thereafter, defendant filed a motion to disqualify plaintiff's counsel and for sanctions. (Dkt. 68). Plaintiff had previously filed a motion for sanctions; there are other motions on this case's docket for extension of time, to amend the complaint, and for partial summary judgment. (Dkt. 25, 37, 56, 66, 75).[1]

---

[1] The Court could not identify any docket entries that resulted from stipulations between the parties, which, although they are not required, are certainly favored where contested litigation will in no way advance a case, assist in the development of the law, or result in a more favorable outcome for one party or the other. In light of the manner in which this litigation has proceeded thus far, the Court informed counsel on September 2, 2014, that it would maintain close supervision of this particular case. The Court then provided the district court's opinion in *Sec. Nat'l Bank of Sioux City v. Abbott Labs.*, 299 F.R.D. 595 (N.D. Iowa

2

Then, on February 28, 2014, plaintiff filed a motion to stay the action (Dkt. 77) because plaintiff had died on February 23, 2014, and his counsel was awaiting probate of their client's will in order to identify the personal representative who would become the proper party in this case. Soon thereafter, on the same date, defendant filed a "suggestion of death" as to plaintiff. (Dkt. 78). On March 18, 2014, over defendant's objections, the Court granted plaintiff's motion to stay the proceeding "until a personal representative is identified and substituted" in this case. (Dkt. 18).

According to subsequent briefing, the Wayne County Probate Court appointed Patricia Vella, plaintiff's sister, to serve as his personal representative (Dkt. 86-1), and on May 21, 2014, plaintiff filed a motion to lift the stay, set a status conference, and substitute Patricia Vella as a party in this case. (Dkt. 86). Defendant filed a response challenging the jurisdiction of the Wayne County Probate Court to designate Ms. Vella as the decedent's personal representative because it believed that Mr. Vella was not domiciled in Michigan at the time of his death, and as a result, the probate court lacked jurisdiction to make the appointment.

---

2014), in the spirit of a cautionary tale.

On May 20, 2014, this case was reassigned to United States District Judge Matthew F. Leitman (Dkt. 87), who convened a status conference on June 12, 2014. According to plaintiff, Judge Leitman continued the stay for sixty days so defendant would have an opportunity to challenge the Wayne County Probate Court's appointment of Patricia Vella (Dkt. 95), and according to defendant, "Judge Leitman basically said he's going to condition the stay of proceeding to let parties do what they have to do. If plaintiff wanted to try to cure the claim of defect or double down or whatever they were going to do, he wasn't going to lift the stay until that 60 days was up." (Status Conference, September 2, 2014, Tr. p. 3). This case was assigned to this Court on August 4, 2014, pursuant to an order of case reassignment for docket efficiency. (Dkt. 91).

Upon reassignment of the case, this Court reviewed the entire docket and scheduled a status conference to be held on the record. The conference was held on September 2, 2014, more than sixty days following Judge Leitman's status conference. During the September 2, 2014 status conference, the Court asked whether defendant had challenged the appointment of Patricia Vella in the Wayne County

4

Probate Court. Counsel for defendant stated that his client had hired probate counsel, but they had not yet filed an action or motion in the probate court. At the conclusion of the conference, this Court lifted the stay and set the pending motions for hearing.

On September 17, 2014, plaintiff's counsel filed a motion for reconsideration and/or identification of substitute party (Dkt. 95). Plaintiff's counsel filed this motion to draw the Court's attention to the fact that counsel did not yet have a client identified, and accordingly, is "not able to make filings or otherwise pursue the case without a client formally identified to represent." (Dkt. 95, at 4). The next day, the Court held a telephonic conference, and at the conclusion of the call the Court informed counsel that a decision on the motion to reconsider would be forthcoming. Pursuant to E.D. Mich. LR 7.1(f)(1) and (h)(2), the Court will not hold a hearing on the motion to reconsider, and no further briefing on the subject was ordered or permitted. In addition, in light of the two conferences already held where the issue of substitution of party was discussed, the Court will decide the portion of plaintiff's earlier motion for substitution of counsel without further hearing. *See* E.D. Mich. LR 7.1(f)(2).

5

## II. Analysis

Pursuant to Fed. R. Civ. P. 25(a)(1):

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

In this case, plaintiff died on February 23, 2014, and on February 28, 2014, his lawyers filed a motion to stay the case. Later that day, defendant filed a statement noting the death of plaintiff. Less than ninety days later, plaintiff filed a motion to lift the stay and to substitute Patricia Vella as plaintiff in this case. Robert Vella's counsel represented to this Court that they are also counsel for Patricia Vella.

Defendant filed a response questioning the validity of the appointment by the Wayne County Probate Court, and on June 12, 2014, Judge Leitman gave defendant sixty days during which to file an action in probate court to challenge the appointment or for plaintiff to "double down" on the issue. As of September 18, 2014, when the Court held a telephonic status conference, no action had been filed in probate court regarding the appointment of Patricia Vella as personal

6

representative for Robert Vella, and plaintiff was satisfied that they had briefed the issue. Whether or not this Court has jurisdiction to challenge the validity of the Wayne County Probate Court's designation, it will abstain from doing so where defendant has probate counsel, it has been on notice of the appointment for four months, and it has taken no steps in that court to challenge its jurisdiction.

Accordingly, the Court finds that counsel for decedent Robert Vella and Patricia Vella filed a motion for substitution within ninety days after service of a statement noting the death of the plaintiff as required by Rule 25.

## III. Conclusion

For the reasons set forth above, plaintiff's motion for substitution of party [86, 95] is GRANTED IN PART and Patricia Vella is now the plaintiff in this case. The motion to reconsider lifting the stay is DENIED AS MOOT. The outstanding motions previously scheduled for hearing on November 12, 2014, will be heard on that date. However, counsel is directed to confer with one another to determine whether any of the outstanding issues can be submitted to the Court by way of a stipulated order, and if so, to inform the Court no later than October 24, 2014.

IT IS SO ORDERED.

Date: September 22, 2014  /s/ Judith E. Levy
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 22, 2014.

s/Amanda Chubb
AMANDA CHUBB
Case Manager

8