## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Robert Vella, deceased by his
Personal Representative Patricia
Vella, and Andreana M. Vella,

                    Plaintiffs,

v.

Adell Broadcasting Corp.,

                    Defendant.

_____/

Case No. 13-cv-10061
Hon. Judith E. Levy
Mag. Judge David R. Grand

## ORDER STRIKING DEFENDANT'S MOTION FOR AN ORDER ALLOWING SUBSTITUTED SERVICE [155] AS NON-CONFORMING AND ALLOWING SERVICE OF TRIAL SUBPOENAS ON ATTORNEYS FOR DEFENDANT

On September 22, 2015, the Court scheduled a telephonic conference for September 28, 2015, to address a discovery-related dispute between the parties. On September 25, 2015, defendant filed a Motion for an Order Allowing Substituted Service Upon Defendant Adell Broadcasting Corporation's CEO, Kevin Adell and CFO, Ralph Lameti, (Dkt. 155), without leave of Court, thus violating the Court's Practice Guidelines, which provide, in relevant part:

> Once counsel have conferred and made every effort to reach an agreement, the Court is available by telephone, on short notice, in order to resolve remaining discovery disputes expeditiously and without the need for motion practice.
>
> . . . [P]arties are required to contact the Court prior to filing any discovery motions.   Discovery motions filed without leave of Court will be stricken.

The Court has informed the parties in this case that this guideline applies to all non-dispositive issues that are not otherwise permitted by the scheduling order.   The Court held the telephonic conference on September 28 as scheduled.

Defendant cites Fed. R. Civ. P. 4.1(a) to argue that "process is not required to be effectuated by a United States marshal or deputy marshal or a process server," and that serving "trial sibpeonas [sic] upon [d]efendant's counsel is sufficient, permitted under the Federal Rules of Civil Procedure and has been agreed to by [d]efendant's counsel." (Dkt. 155 at 3-4.)  During the telephonic conference, plaintiffs' counsel correctly noted that the issue is whether, under Rule 45, defendant's counsel may accept service of trial subpoenas on behalf of Kevin Adell and Ralph Lameti.  *See* Fed. R. Civ. P. 45(b)(1) ("Serving a subpoena requires delivering a copy to the named person . . . ."); *Hill v. Homeward Residential*, No. 14-4168, 2015 U.S. App. LEXIS 14703, at

2

*13-14 (6th Cir. Aug. 21, 2015) ("Rule 45 requires, among other things, that the party serving it . . . . specify the 'person' who is being subpoenaed, and to serve it on that 'named person.' [Fed. R. Civ. P.] 45(a)(1)(A)(iii), (b)(1), (c)(1); *see* David D. Siegel, *Practice Commentaries to Rule 45*, at C45-9 ('If a particular person in the employ of a corporation or other entity is the person sought as a witness, the subpoena should of course be delivered to that person.').").   *Cf. Oceanfirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 753 (E.D. Mich. 2011) ("The Sixth Circuit has not addressed whether Rule 45 requires personal service; however, the Fifth, Ninth, and D.C. Circuits have held that personal service is required. . . . The majority of lower courts also have held that Rule 45 requires personal service.") (citing cases).  Accordingly,

Defendant's motion, (Dkt. 155), is stricken as non-conforming. Because of defendant's counsels' assurances on the record—that Kevin Adell and Ralph Lameti have consented to be served by sending the subpoenas through electronic mail to defendant's counsel, without an attendance or mileage fee, and because defendant's counsel will personally see to it that Kevin Adell and Ralph Lameti are present at

3

trial to testify pursuant to the subpoenas—the Court will allow plaintiff to "serve" the Rule 45 subpoenas of Kevin Adell and Ralph Lameti on the defendant's counsel, and the attendance and mileage fee is deemed waived. Personal service will not be required. As further stated on the record, if Kevin Adell and Ralph Lameti do not appear to testify at trial, the Court will hear the reasons, and an appropriate sanction will be imposed.

IT IS SO ORDERED.

Dated: September 28, 2015          s/Judith E. Levy
Ann Arbor, Michigan                JUDITH E. LEVY
                                   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 28, 2015.

s/Kelly Winslow
For FELICIA M. MOSES
Case Manager

4